

Form #42

# COMMONWEALTH OF MASSACHUSETTS



BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No. 12-1008

TEAMSTERS UNION LOCAL NO. 59 _____ , Plaintiff (s)

v.

BRITTANY DYEING AND PRINTING CORPORATION _____ , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :—
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon ......................................
Leonard Schneider, Esq.

plaintiff's attorney, whose address is 28 Market St., Swansea, MA 02777 ............. ;

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ... Taunton ..................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse,   Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the ........................................ day of ..................................., in the year of our Lord two thousand and ... twelve.

A TRUE ATTESTED COPY

BRISTOL COUNTY DEPUTY SHERIFF

_Magistrate_

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

28C 24

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

| | |
|---|---|
| Teamsters Union Local No. 59 <br>     -Plaintiff <br><br> vs. <br><br> Brittany Dyeing and Printing Corporation <br>     -Defendant | SUPERIOR COURT <br> C.A. No. 12-1008 <br><br><br> **RECEIVED** <br> Date: 9/13/12 <br> BRISTOL SUPERIOR COURT |

## COMPLAINT

NOW COMES PLAINTIFF, Teamsters Union Local No. 59 by and through its attorney, Leonard Schneider and files this Complaint against Defendant Brittany Dyeing and Printing Corporation and says the following:

### Jurisdiction and Venue

1. This action arises under and jurisdiction is conferred upon this Court by virtue of M.G.L c. 150C.

2. Venue is proper in this judicial district because the Defendant resides within the district, a substantial number of the employees covered by the Collective Bargaining Agreement at issue herein reside in Bristol County and the events and omissions giving rise to the action occurred in this judicial district.

### The Parties

3. Plaintiff Teamsters Union Local No. 59 is an unincorporated labor organization whose principal office is located at 27 South Sixth Street, New Bedford, Bristol

County, Massachusetts 02740.

4. Defendant Brittany Dyeing and Printing Corporation, on information and belief, is corporation, which operates a facility located at 1357 East Rodney French Boulevard, New Bedford, Massachusetts 02741.

FACTS

5. Teamsters Union Local No. 59 and Brittany Dyeing and Printing Corporation are parties to a collective bargaining agreement (hereafter "CBA") which runs from June 27, 2009 to June 29, 2013. A copy of the CBA is attached hereto as Exhibit A.

6. Pursuant to Article 23 of the CBA, there was an arbitration proceeding hearing on April 27, 2012.

7. Counsel, on behalf of Teamsters Union Local No. 59, submitted a post-hearing brief on May 25, 2012 to the Arbitrator.

8. Article 23 of the CBA states, among other things, that the Arbitrator "...shall render his decision within two weeks of the closing of the arbitration hearing."

9. The Arbitrator issued his Award on August 20, 2012. A copy of the Award is attached as Exhibit B.

10. Article 23.6 of the CBA states among other things that "...the Arbitrator shall not have the power to add to, subtract from, or modify any of the terms of the [CBA] or any agreement supplemental thereto."

11. In his Award, the Arbitrator, among other things, reversed and disregarded a prior decision from another Arbitrator on the very same issues which had become part of the CBA.

12. The Arbitrator in issuance of the Award, by these and other actions, exceeded his

powers.

Wherefore, the Plaintiff respectfully requests the following:

a.  that the Award be vacated;

b.  that this Honorable Court order a rehearing before a new

Arbitrator;

c.  that Plaintiff be awarded reasonable attorneys fees and costs;

d.  that Plaintiff be granted any other relief deemed just and

proper.

Dated: September 13 2012

Respectfully submitted,
Plaintiff Teamsters Union Local No. 59
By its attorney

Leonard Schneider (BBO No. 446450)
Law Offices of Leonard Schneider, P.C.
28 Market St.
Swansea, MA 02777
(508) 379-0800
lolslaw@verizon.net

3

# PAUL F. WALSH, JR.
*Counselor At Law*

John Kenyon
V.P. Mfg.
Brittany Dyeing and Printing
1357 East Rodney French Blvd
New Bedford,MA 02741

Leonard Schneider, Esq.
28 Market St
Swansea, MA 02777

Dear Gentlefolk,

Enclosed please find the findings and ruling on the Arbitration concerning the grievances filed by Mr. Fumo and Mr. Amaral of Teamsters Local 59 against the pro ration of vacation pay by Brittany Dyeing and Printing.

Please consider this to be my bill for services rendered in the matter.  Each party may pay their 50% share to the Law Office of Paul F. Walsh Jr.
PROFESSIONAL LEGAL SERVICES...............

Sincerely

Paul F. Walsh Jr.

8-20-12

286 Union Street • New Bedford, MA 02740
901 Eastern Avenue • Fall River, MA 02723
Phone: 508-717-0209 • Fax: 508-717-0210 • E-Mail: Bluewave4@comcast.net

LABOR ARBITRATION PROCEEDING

| | |
|---|---|
| TEAMSTERS LOCAL NO. 59 | ) |
| Union | ) |
| | ) |
| VS. | ) |
| | ) |
| BRITTANY DYEING and PRINTING | ) |

## VACATION PAY GRIEVANCE

### 1. Statement of the Case and Issue Presented

This arbitration arises from grievances filed by two members of Teamsters Local 59. The members grieve the question of whether the company violated the Collective Bargaining Agreement by pro-rating vacation pay of employees commensurate with the time the employees were laid off from Brittany Dye.

### 2. Relevant Contract Provisions

These provisions read in pertinent part as follows:

11.1 Each regular employee actually employed on March 1, 1988 and on March first of each succeeding year during the life of this Agreement, hereinafter referred to as the "eligibility date", shall receive the following vacation pay:

1. If employed by the Company for 6 months or more but less than 3 years as of March 1, such employee shall receive a vacation of 1 week, with vacation pay equal to 2% of his total earnings, including all overtime and holiday pay, for the full year immediately prior to the eligibility date;

2. If employed. . . for 3 years but less than 5 years. . . 2 weeks with vacation pay equal to 3% of his total earnings, including all overtime and holiday pay, for the full year immediately prior to the eligibility date;

3. If employed. . . for 5 years but less than 10 years. . . 2 weeks with vacation pay equal to 4% of his total earnings, including all overtime and holiday pay, for the full year immediately prior to the eligibility date;

1

4.   If employed by the Company for 10 years or more as of March 1st, such employee shall receive vacation pay equal to 120 hours of straight time pay.

5.   Effective July 1, 1989, if employed by the Company for 15 years or more as of March 1, such employee shall receive vacation pay equal to 160 hours of straight time pay.

11.4   Section 11.4 provides as follows:

Any employee who leaves his employment for any reason other than discharge for cause or who is on workers compensation shall received prorated vacation pay.

### 3. **Facts of the Case**

Two employees of Brittany Dye (Company) and members of Local 59 (Union) were laid off from employment for certain periods of time and subsequently rehired within the year. The Company pro-rated their vacation pay commensurate with the time they were on lay off from Company.

Union argues that Section 11.1 does not contain any provision requiring a minimum number of hours to be worked to be entitled to full vacation pay. Union argues that past practice suggests that pro-rating vacation pay for layoffs is unsupported in Company/Union history and cites years 2000-2005 statistics. Further, Union argues that arbitration ruling of December 18, 2006, of Attorney Peter Smola settles the issue and cites the language "it is my ruling that this language is to be interpreted that the layoff period [does] not . . . constitute a leave of employment as set forth in this section (Section 11.4) and that employee's claim for vacation pay be re-instated."

The Company argues that persons laid off from work at the Company are no longer "regular employees" "actually employed" subject to the provisions of CBA Section 11.1. They argue that persons on layoff are not employed by the Company, and have no contractual rights or obligations during this time. They cite the fact that "unemployment benefits" are received by

2

laid off individuals therefore a person cannot be unemployed and a "regular employee" of the Company at the same time. They argue that the laid off individuals are free to seek and obtain work elsewhere, that they owe the Company no expectation that they will return to work for the Company nor do they have any contractual expectancy that they will be called back for employment by the Company. The Company argues further that vacation pay is an "earned benefit".

## Decision

There is much to consider in the conflicting arguments. The Collective Bargaining Agreement (CBA) leaves much to interpretation. The Smola arbitration decision dealt with the pro-ration of vacation time caused by work absence due to strike. I find no analysis nor examination of the issues underlying layoff / vacation pay other than the language cited by the Union. Since that grievance dealt with the issue of strike/vacation pay I consider the language to be in the nature of dicta and not controlling the issue of lay off /vacation pay before this Arbitrator.

At bottom, this issue; should vacation pay be pro-rated commensurate with time actually worked ...? hinges on the answer to these questions:

1. Is vacation pay an earned benefit? The CBA contract indicates that it is. Generally, employees of the Company who are employed by the Company for periods of three, five, ten or fifteen years receive proportionately more vacation pay commensurate with their years of employment. The Attorney General's Fair Labor and Business Practices Division advised in 1999 that "like wages, vacation time promised to an employee is compensation for services, which vests as the employee's services are rendered." The advisory opinion goes on to note

"where an employer's policy is ambiguous, the actual time earned by the employee will be pro-rated according to the time period in which the employee actually works."

I find that vacation pay is indeed an earned benefit which vests as services by the employee are rendered.

2.  Does the period of time in which a person is laid off from work come within the language of CBA 11.4 which states that "any employee who leaves employment FOR ANY REASON (emphasis supplied) other than discharge for cause or who is on workers compensation shall receive pro-rated vacation pay"?

I find that it does.  The contractual language "for any reason" is broad and has only two exceptions.  Layoff is not one of those exceptions.  In the greivants' applications they make reference to the fact that their "leave" was not voluntary ("I never left I was forced out" Petition of Alfred Fumo.  "I didn't leave the company for any reason, I got laid off . . ." Petition of Danny Amaral).

I find that "leave of employment" describes a period in which an individual is not actually employed or actually working at the Company.  The CBA language does not include words such as "voluntarily" leaves his employment, or "intentionally" leaves his employment.

3.  Is a person, laid off from the Company still an employee of that Company and entitled to benefits and protections laid out in the CBA?

I find the answer to be no.  A person laid off from work is a person who is unemployed. Benefits, contractual or otherwise, accrue to employees who are actually working for a company. Generally pension, retirement, insurance, seniority and other benefits cease upon the termination of employment, whether that cessation is temporary or permanent.  Laid off individuals are in fact unemployed and able to receive unemployment compensation.  It would be logically

4

inconsistent to say that an individual who qualified as "unemployed" is at the same time a "regular employee" of the Company.   Perhaps more logically inconsistent would be an interpretation of the CBA in which an individual who works for the Company for six months and is then laid off  for six months would receive the same vacation benefit as an individual who worked for twelve months, not having been laid off.

For the foregoing reasons I find that pro-ration of vacation pay commensurate with time actually worked is allowed pursuant to the letter and logic of the CBA.

Paul F. Walsh Jr.

August 20,2012